# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
MASTERSON, TY A § Case No. 10-14269 REN
MASTERSON, MARLO E §
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on                .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 1)*

Case 10-14269   Doc# 47   Filed 04/05/12   Page 1 of 9

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                      and the deadline for filing governmental claims was                   . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $             .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $         as interim compensation and now requests a sum of $             , for a total compensation of $            $^2$.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $       , and now requests reimbursement for expenses of $           , for total expenses of $             $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/EDWARD J NAZAR_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case No: 10-14269 REN Judge: ROBERT E. NUGENT

Case Name: MASTERSON, TY A

MASTERSON, MARLO E

For Period Ending: 03/22/12

Trustee Name: EDWARD J NAZAR

Date Filed (f) or Converted (c): 12/22/10 (f)

341(a) Meeting Date: 01/21/11

Claims Bar Date: 08/12/11

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. RESIDENCE AT: 1539 S PHYLLIS LN ANDOVER, KS 67002 | 270,000.00 | 0.00 | DA | 0.00 | FA |
| 2. CASH | 50.00 | 50.00 | DA | 0.00 | FA |
| 3. CHECKING MERITRUST CREDIT UNION ACCOUNT # ENDING 7 | 100.00 | 100.00 | DA | 0.00 | FA |
| 4. SAVINGS MERITRUST CREDIT UNION ACCOUNT # ENDING 70 | 25.00 | 25.00 | DA | 0.00 | FA |
| 5. HOUSEHOLD GOODS AND FURNISHINGS | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 6. CLOTHING | 1,000.00 | 0.00 | DA | 0.00 | FA |
| 7. WEDDING RINGS AND COSTUME JEWELRY | 2,000.00 | 0.00 | DA | 0.00 | FA |
| 8. AMERITRADE ROTH IRA | 3,000.00 | 0.00 | DA | 0.00 | FA |
| 9. MASTERBILT HOMES, INC. | 0.00 | 0.00 | DA | 0.00 | FA |
| 10. MASTERSON & ASSOCIATES | 0.00 | 0.00 | DA | 0.00 | FA |
| 11. 1999 NISSAN MAXIMA 160,000 + MILES TITLED IN DAUGH | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 12. 2005 CHEVY SUBURBAN 93,000 MILES | 13,425.00 | 0.00 | DA | 0.00 | FA |
| 13. 2005 DODGE MAGNUM 65,000 MILES | 10,000.00 | 0.00 | DA | 0.00 | FA |
| 14. TAX REFUND (u) | Unknown | 0.00 | | 5,037.64 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values) $304,100.00 $1,675.00 $5,037.64 $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

AWAITING CLAIM BAR DATE//September 19, 2011, 04:15 pm

Initial Projected Date of Final Report (TFR): 02/01/12 Current Projected Date of Final Report (TFR): 11/30/11

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 10-14269 -REN | Trustee Name: | EDWARD J NAZAR |
|---|---|---|---|
| Case Name: | MASTERSON, TY A | Bank Name: | Union Bank |
| | MASTERSON, MARLO E | Account Number / CD #: | *******0911 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8422 | | |
| For Period Ending: | 03/22/12 | Blanket Bond (per case limit): | $ 19,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/02/11 | 14 | JOHNSON, KENNEDY, DAHL & WILLIS | TAX REFUND | 1224-000 | 5,037.64 | | 5,037.64 |
| 09/26/11 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 12.29 | 5,025.35 |
| 10/25/11 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 12.29 | 5,013.06 |
| 11/25/11 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 12.29 | 5,000.77 |
| 12/27/11 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 12.29 | 4,988.48 |
| 01/25/12 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 9.83 | 4,978.65 |
| 02/27/12 | | Union Bank | BANK SERVICE FEE | 2600-000 | | 9.83 | 4,968.82 |

| | | | | |
|---|---|---|---|---|
| | COLUMN TOTALS | 5,037.64 | 68.82 | 4,968.82 |
| | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 5,037.64 | 68.82 | |
| | Less: Payments to Debtors | | 0.00 | |
| | Net | 5,037.64 | 68.82 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Checking Account (Non-Interest Earn - *******0911) | 5,037.64 | 68.82 | 4,968.82 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 5,037.64 | 68.82 | 4,968.82 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | Page Subtotals | 5,037.64 | 68.82 |
|---|---|---|---|

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: March 22, 2012

Case Number: 10-14269
Debtor Name: MASTERSON, TY A
Claims Bar Date: 08/12/11

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000004 070 7100-00 | Emprise Bank 257 N Broadway St Wichita KS 67202-2303 | Unsecured | Filed 05/06/11 | $62,983.72 | $0.00 | $62,983.72 |
| 000005 070 7100-00 | FIA CARD SERVICES NA PO Box 15102 Wilmington DE 19886-5102 | Unsecured | Filed 06/23/11 | $25,515.32 | $0.00 | $25,515.32 |
| 000006 070 7100-00 | FIA CARD SERVICES NA PO Box 15102 Wilmington DE 19886-5102 | Unsecured | Filed 06/23/11 | $20,808.07 | $0.00 | $20,808.07 |
| 000007 070 7100-00 | American Express Bank FSB c o Becket and Lee LLP POB 3001 Malvern PA 19355-0701 | Unsecured | Filed 07/19/11 | $26,102.54 | $0.00 | $26,102.54 |
| 000008 070 7100-00 | American Express Bank FSB c o Becket and Lee LLP POB 3001 Malvern PA 19355-0701 | Unsecured | Filed 07/19/11 | $14,024.17 | $0.00 | $14,024.17 |
| 000009 070 7100-00 | Portfolio Recovery Associates LLC POB 41067 Norfolk VA 23541 | Unsecured | Filed 07/28/11 | $20,888.32 | $0.00 | $20,888.32 |
| 000010 070 7100-00 | Portfolio Recovery Associates LLC POB 41067 Norfolk VA 23541 | Unsecured | Filed 07/28/11 | $35,593.65 | $0.00 | $35,593.65 |
| 000011 070 7100-00 | American InfoSource LP as agent for Asset Acceptance as assignee of Gemb Mohawk PO Box 248838 Oklahoma City OK 731248838 | Unsecured | Filed 08/03/11 | $8,665.68 | $0.00 | $8,665.68 |
| 000012 070 7100-00 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany OH 430543025 | Unsecured | Filed 08/05/11 | $20,172.08 | $0.00 | $20,172.08 |
| 000013 070 7100-00 | Discover Bank DB Servicing Corporation PO Box 3025 New Albany OH 430543025 | Unsecured | Filed 08/05/11 | $17,589.88 | $0.00 | $17,589.88 |
| 000014 070 7100-00 | Federated Financial Corp of America 30955 Northwestern Highway Farmington Hills MI 48334-2580 | Unsecured | Filed 08/11/11 | $30,065.95 | $0.00 | $30,065.95 |
| 000001 050 4110-00 | CornerBank NA P O Box 545 Winfield KS 67156 | Secured S/C/N Given | Filed 01/10/11 | $167,593.16 | $0.00 | $167,593.16 |

Case 10-14269 Doc# 47 Filed 04/05/12 Page 5 of 9

Case Number:  10-14269
Debtor Name:  MASTERSON, TY A
Claims Bar Date: 08/12/11

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000002 050 4110-00 | CornerBank NA P O Box 545 Winfield KS 67156 | Secured S/C/N Given | Filed 01/10/11 | $21,638.45 | $0.00 | $21,638.45 |
| 000003 050 4110-00 | CornerBank NA P O Box 545 Winfield KS 67156 | Secured S/C/N Given | Filed 01/10/11 | $24,736.05 | $0.00 | $24,736.05 |
| | Case Totals: | | | $496,377.04 | $0.00 | $496,377.04 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-14269 REN
Case Name: MASTERSON, TY A
            MASTERSON, MARLO E
Trustee Name: EDWARD J NAZAR

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000001 | CornerBank NA | $ | $ | $ | $ |
| 000002 | CornerBank NA | $ | $ | $ | $ |
| 000003 | CornerBank NA | $ | $ | $ | $ |

Total to be paid to secured creditors           $_____

Remaining Balance                                $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: EDWARD J NAZAR | $ | $ | $ |
| Trustee Expenses: EDWARD J NAZAR | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                                $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

Case 10-14269   Doc# 47   Filed 04/05/12   Page 7 of 9

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ have been allowed and will be paid _pro_ _rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000004 | Emprise Bank | $ | $ | $ |
| 000005 | FIA CARD SERVICES NA | $ | $ | $ |
| 000006 | FIA CARD SERVICES NA | $ | $ | $ |
| 000007 | American Express Bank FSB | $ | $ | $ |
| 000008 | American Express Bank FSB | $ | $ | $ |
| 000009 | Portfolio Recovery Associates LLC | $ | $ | $ |
| 000010 | Portfolio Recovery Associates LLC | $ | $ | $ |

Case 10-14269    Doc# 47    Filed 04/05/12    Page 8 of 9

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000011 | American InfoSource LP as agent for | $ | $ | $ |
| 000012 | Discover Bank | $ | $ | $ |
| 000013 | Discover Bank | $ | $ | $ |
| 000014 | Federated Financial Corp of America | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE